DEPARTMENT OF HUMAN SERVICES

v.

V.I.P. TOUR & CHARTER
BUS CO., INC.

Supreme Judicial Court of Maine.

Argued Jan. 24, 1995.
Decided July 3, 1995.

Andrew Ketterer, Atty. Gen., Mary B. Najarian (orally), Asst. Atty. Gen., Portland, for plaintiff.

Ralph A. Dyer (orally), Law Offices of Ralph A. Dyer, P.A., Portland, for defendant.

Before WATHEN, C.J. and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

V.I.P. Tour & Charter Bus Co. [hereinafter V.I.P.] appeals from a judgment entered in the Superior Court (Cumberland, *Bradford, J.*) affirming a summary judgment entered in the District Court (Portland, *Rogers, J.*) in favor of the Department of Human Services [hereinafter DHS or the department]. V.I.P. contends that the District Court erred in granting a summary judgment to the department because DHS has no authority to enforce an order to withhold and deliver in the case of a deceased creditor spouse with adult children. We affirm the judgment.

## Background

Sharon Demers and Norman Sawyer were divorced on February 3, 1978. Demers was granted custody of their two children for whom Sawyer was ordered to pay $15.00 per week in child support. Demers received no support payments from March 1, 1984 to February 21, 1988, resulting in an arrearage of $5070.00. On March 20, 1992, Demers signed a contract with the department for non-welfare support enforcement. The contract states: "Any person . . . who is entitled to past due support . . . for a child now emancipated . . . may receive enforcement services from . . . [DHS]."

DHS served Sawyer with a notice of support debt and notice of intention to withhold and deliver on May 8, 1992. Sawyer neither contacted the department as urged by the cover letter to the notices nor paid the support arrearage. Despite clear language advising him of his right to challenge the order, he declined to do so. The department, therefore, issued an order to withhold and deliver to Sawyer's employer, V.I.P. The company did not honor the order.[1]

DHS filed a complaint in the District Court against V.I.P. for its failure to honor the order to withhold and deliver on October 8, 1992. Demers died on August 16, 1993. DHS, thereafter, filed a motion for a summary judgment. The court granted the department's motion on October 18, 1993. V.I.P. appealed to the Superior Court, which affirmed. This appeal followed.

## Discussion

### Statutory Scheme

■ Part D of the Social Security Act, known as the Child Support Enforcement Act [hereinafter Title IV–D], 42 U.S.C. §§ 651–669 (1991 & Supp.1995), requires states to adopt child support collection programs which *inter alia* offer collection services to both AFDC and non-AFDC recipients. 42 U.S.C. § 654(6)(A). In response to section 654 of Title IV–D, Maine enacted the Uniform Civil Liability for Support Act, 19 M.R.S.A. §§ 443–A to 453 (1981 & Supp. 1994). Section 448–A of the Act provides:

> **1. Enforcement of support obligation.** The Department of Human Services may, for a fee, . . . enforce support obligations . . . on behalf of applicants who are not recipients of public assistance, by actions under any appropriate statute, including, but not limited to, remedies established in subchapter V [19 M.R.S.A. § 491 *et seq.*] to establish and enforce the support obligations.

19 M.R.S.A. § 448–A(1).

■ Subchapter V provides for the collection by DHS of child support arrearages. *See* 19 M.R.S.A. § 504–A (Supp.1994). It permits the Commissioner to issue an order to withhold and deliver whenever a responsible parent has failed to make payments under a support order and the amount in arrears equals at least one month's support. 19 M.R.S.A. § 504–A(1). The Commissioner issuing such an order must send to the obligor parent a notice of his intent to do so which includes "[a] statement of the amount of the arrearage, and the amount of the current support order. . . ." 19 M.R.S.A. § 504–A(3)(A). The statute further provides:

---

1. This is not the first time the department has had to contend with V.I.P.'s refusal to withhold and deliver a child support arrearage on behalf of Sawyer. Sawyer had once previously created an arrearage of $6540.41 to Demers while she was on AFDC. His employer, V.I.P., refused to honor a duly issued order to withhold and deliver for the arrearage. V.I.P. ultimately entered into an agreement with the State to pay in installments the entire arrearage.

**6. Termination of Withholding.** The withholding shall be terminated with regard to a *current* support obligation if:

    **A.** The department is unable to forward funds to the obligee for an extended period of time;

    **B.** The child or spousal support or alimony obligation has been eliminated by a subsequent court order;

    **C.** The child has reached majority or has otherwise been emancipated; or

    **D.** The child has been adopted.

No termination [of withholding] may occur while an *arrearage* remains. . . .

No withholding with regard to a support *arrearage* may be terminated unless the department is unable to forward funds to the obligee for 3 months. Funds not forwarded shall be returned to the obligor and notice shall be given to the obligor's employer or other payor to cease withholding.

19 M.R.S.A. § 504–A(6) (emphasis added).

*Statutory Authority*

V.I.P. submits that the purpose of the state statutes on support enforcement is to keep dependent children and their custodial parent off the welfare rolls. Because no minor children are involved in this case and the custodial parent has died prior to completion of the enforcement action, V.I.P. argues that DHS has no authority to enforce the arrearage at issue. The department responds that, in addition to keeping families off welfare, the statutes, including section 504–A, also encourage child support obligors to meet their responsibilities in a timely manner. It submits that section 504–A, by its terms, authorizes the department to enforce the withhold and deliver order it issued to V.I.P.

█ We agree with the State that section 504–A provides for the enforcement of the instant child support arrearage. Without limiting language, section 504–A(6) states that "[n]o termination may occur while an arrearage remains, unless other provisions acceptable to the department for its repayment have been made." Furthermore, the contract which Demers signed with the State includes this provision: *"Any person . . . who is entitled to past due support . . . for a child now emancipated . . . may receive enforcement services from . . . [DHS]."* (emphasis added). V.I.P. concedes that this portion of the contract is in accord with the enforcement statute.[2] Attainment by the children of their majority in this case does not affect the department's authority to enforce an order to withhold and deliver for an arrearage relating to their care while minors.[3]

█ Contrary to V.I.P.'s contention, Demers' death is irrelevant to the authority of the department to enforce its order to withhold and deliver. The instant action commenced by DHS is an enforcement action intended to achieve compliance with a statutorily authorized order. Demers is not a party to the action. DHS has an interest, distinct from any which Demers might have had, in preserving the integrity of its orders.

The entry is:

*Judgment affirmed.*

---

**2.** V.I.P. further argues that the provisions of section 504–A(6) relating to the termination of withholding when the department is unable to reach the obligee for 3 months applies in the case of a deceased creditor spouse. As the trial court noted, however, the provisions of section 504–A(6) relating to the termination of withholding when the department is unable to reach the obligee for 3 months do not anticipate the death of the creditor spouse. If death were within the contemplation of the statute, no time period would be stated.

**3.** Because we conclude that DHS is statutorily authorized to collect the arrearage in question, we need not discuss V.I.P.'s remaining contentions.